1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **WESTERN DIVISION**

11

12  SUDAN R. JONES,                          )      No. CV 08-408-CBM (PLA)
                                              )
13              Petitioner,                   )
                                              )
14       v.                                   )      **ORDER ADOPTING FINDINGS,**
                                              )      **CONCLUSIONS AND RECOMMENDATION**
15  DEBRA DEXTER,                             )      **OF UNITED STATES MAGISTRATE JUDGE**
                                              )
16              Respondent.                   )
                                              )
17  _____      )

18                          **INTRODUCTION**

19          On December 3, 2012, the Magistrate Judge issued the Report and Recommendation

20  ("R&R").  On March 18, 2013, petitioner's appointed counsel filed objections.  Subsequently, on

21  May 3, 2013, petitioner filed a motion to waive counsel and proceed pro per to file objections.  The

22  Magistrate Judge deferred ruling on petitioner's motion, but gave him until May 22, 2013, to file

23  his own objections.   On May 28, 2013, petitioner filed his Amended Objections to the R&R.

24  Accordingly, the Court **grants** petitioner's motion to waive counsel to the extent that the Court has

25  considered both his objections and those filed by counsel.

26  /

27  /

28  /

**DISCUSSION**

In the Amended Objections, petitioner seeks to reassert Ground Three of the Petition, a claim which he previously abandoned. (See Amended Objections at 8; Docket No. 36). The Court construes this as a request to amend the Petition to add the abandoned Ground Three.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2004), the Ninth Circuit explained that in assessing the propriety of a motion for leave to amend, a court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Each factor, however, is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion seeking leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, the Court concludes that amendment is not appropriate. First, after abandoning Ground Three on February 17, 2012 (see Docket No. 36), petitioner waited for more than a year -- and for more than five months after the R&R was issued -- to attempt to reassert the claim. Thus, petitioner's undue delay weighs against allowing amendment. Next, allowing petitioner to amend his Petition would be an exercise in futility. In the abandoned Ground Three, petitioner asserted that his trial counsel was ineffective for failing to investigate and present evidence that in 1993 the victim falsely accused a relative of molestation. (Petition at 6). On direct appeal, the Court of Appeal noted that there was no evidence that the victim fabricated the prior molestation, and that even if she had, the presentation of this evidence at trial "would not likely have changed the outcome." (See Lodgment D at 13 (denying petitioner's claim that the trial court improperly failed to grant him a new trial based on newly discovered evidence)). Petitioner has not demonstrated that the state court's determination was objectively unreasonable. In other words, even if petitioner could show deficient performance, he cannot satisfy the prejudice prong of Strickland.

(See Petition at 6, AP at 50-51;  Traverse at 24-25).  Accordingly, the Court **denies** petitioner's request to amend the Petition to add Ground Three.

The Court has reviewed the other objections, filed by both petitioner and his counsel, and finds that no further response is necessary.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the objections filed by both petitioner and his counsel.  The Court agrees with the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS ORDERED THAT:

1.     The Report and Recommendation is adopted.

2.     Judgment shall be entered consistent with this order.

3.     The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: August 14, 2013

_____
          HON. CONSUELO B. MARSHALL
          SENIOR UNITED STATES DISTRICT JUDGE

3